

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**DARIAN ALEXANDER**
Phone: (212) 356-2174
daalexan@law.nyc.gov

October 12, 2023

**BY ECF**
The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

Re:  *K.C., et al. v. New York City Board of Education, et al.,* 21-cv-10624 (AS)

Dear Judge Subramanian:

I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent Defendants, New York City Department of Education, the Department's Chancellor, and the New York City Board of Education in the above-referenced action. Pursuant to Your Honor's Memo Endorsement dated September 18, 2023 (Dkt. No. 39), I write jointly with Plaintiff's counsel to provide the Court with a status update regarding the parties' settlement discussions, to request an adjournment of the upcoming initial pretrial conference ("IPTC"), and to request *nunc pro tunc* an extension of the parties' deadline to submit a proposed civil case management plan ("CMP").

This action pertains to the educational placement and services for Plaintiff K.C.'s minor child, A.C., during the 2015-16 through 2020-21 school years, the various administrative orders that impartial hearing officers issued during and/or pertaining to those school years, the Department of Education's implementation of those orders, and Plaintiffs' request for attorneys' fees incurred in connection with the administrative proceedings and this action.

As noted in previous filings, the parties have been actively discussing settlement of this action and, in particular, resolution of Plaintiff's implementation claims. To that end, earlier this week, Defendants confirmed to Plaintiff that they had initiated the purchase of certain mobility equipment for A.C., which had been central to the parties' recent discussions. Accordingly, the parties are pleased to report that they have reached an agreement in principle to resolve Plaintiff's implementation claims. They must now finalize the terms of a stipulation that would memorialize and fully encapsulate their agreement. The parties have already exchanged

drafts of a proposed stipulation of settlement but need additional time to finalize it. Additionally, if the Court grants the parties the time to do so, they will attempt to negotiate a resolution of Plaintiff's claim for attorneys' fees incurred in this action and the underlying proceedings. If such negotiations are successful, the parties will execute the aforementioned global stipulation of settlement and dismissal. The parties note that Plaintiff's counsel and the Office of the Corporation Counsel have successfully resolved, via negotiated settlements, claims for attorneys' fees in all of their cases together, and the parties are optimistic that they will be able to do so here as well. Furthermore, because of the fee-shifting nature of Plaintiff's IDEA claims, it would be difficult to proceed simultaneously on both litigation and settlement tracks.

The Court has scheduled an IPTC for October 18, 2023. (Dkt. No. 36.) However, in light of the developments described above, the parties respectfully submit that an IPTC is not necessary at this time. Therefore, the parties respectfully renew their joint request to adjourn the IPTC *sine die*, and they jointly request *nunc pro tunc* that the Court extend *sine die* their deadline to submit a proposed CMP. The parties additionally request that they be permitted to submit a further joint status update by no later than December 11, 2023, which is approximately 60 days from today.

In the event that the Court denies these requests, the parties respectfully request that they be permitted to submit a proposed CMP by no later than one business day after the date of the Order denying their requests. Separately, the parties are considering whether to request a referral to the assigned Magistrate Judge so as to assist with the parties' efforts to negotiate a final settlement of this action. However, they do not request such a referral at this time.

Thank you for your consideration of these requests.

Respectfully,

**CC:** **BY ECF**
*all counsel of record*

/s/ _____
Darian Alexander
Assistant Corporation Counsel

A case management plan in this case was due on October 12, 2023. Dkt. 39. Instead, the parties submitted this letter asking for an extension. That does not comply with this Court's Individual Practices. The parties are hereby ORDERED to review this Court's Individual Practices and make sure any further motions are filed in accordance with those Practices. The parties are also ORDERED to submit a case management plan by October 17, 2023.

In addition, this case has been pending for almost two years. As such, the request to adjourn the IPTC sine die is DENIED. The IPTC will take place as scheduled.

The Clerk of Court is directed to terminate the motion at Dkt. 40.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 16, 2023